DJC/mmt/378773                                                                                    2246-42-75-681

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NEW CENTURY MORTGAGE CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREAT NORTHERN INSURANCE )<br>COMPANY, FEDERAL INSURANCE )<br>COMPANY, )<br>)<br>Defendants. ) | Case No.: 05 C 2370<br><br>Judge Coar |

**GREAT NORTHERN INSURANCE COMPANY'S AND FEDERAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AUTHORITY**

NOW COME the Defendants, GREAT NORTHERN INSURANCE COMPANY ("Great Northern") and FEDERAL INSURANCE COMPANY ("Federal") by and through their attorneys, TRESSLER, SODERSTROM, MALONEY & PRIESS, and in Response to Plaintiff's Motion to File Supplemental Authority In Opposition to Defendants' Motion for Summary Judgment and in Support of its Motion for Summary Judgment, state as follows:

1. The supplemental authority cited by plaintiff, Nutmeg Ins. Co. v. Employers Ins. of Wausau, 2006 WL 453235 (N.D. Tex. 2006), involves Texas law rather than Illinois law.

2. The analytical approach employed by the trial court in Nutmeg was rejected by the Seventh Circuit in American States Insurance Company v. Capital Associates of Jackson County, 392 F.3d 939, 943 (7th Cir. 2004) and by the Honorable Judge Robert J. Gettleman in St. Paul Fire and Marine Insurance Company v. Brunswick Corporation and Brunswick Bowling & Billiards Corporation, Case No. 04 C 7751 (United States District Court for the Northern District of Illinois, November 22, 2005).

3. The Nutmeg case is distinguishable from the instant case in that it involved only an alleged breach of the duty to defend, whereas the Plaintiff in the instant case has not alleged such a

breach. As the duty to defend is governed by a different standard than the alleged duties at issue in the instant case, the Nutmeg court's analysis has no relevance to this case.

4. The instant case also involves several critical defenses that are not addressed in the Nutmeg decision. For example, the insurers have asserted the following additional defenses: (a) plaintiff has not asserted a viable cause of action, (b) the plaintiff has failed to meet its burden of proving that an offense occurred during the relevant policy period, (c) plaintiffs are not entitled to coverage for their donations to charity totaling roughly $1 million, and (d) the underlying settlement does not arise out of an "occurrence".

5. Finally, Defendants note that the Nutmeg court's analysis of the Prior Publication Exclusion, even in the context of the duty to defend, is inconsistent with the Seventh Circuit's treatment of the exclusion. *Taco Bell Corp. v. Continental Cas. Co.*, 388 F.3d 1069, 1073 (7th Cir. 2004)(explaining that the prior publication exclusion would have barred coverage if the advertisement broadcast prior to the policy period was identical to the advertisement broadcast during the policy period).

WHEREFORE, Defendants GREAT NORTHERN INSURANCE COMPANY and FEDERAL INSURANCE COMPANY, respectfully contend that the case styled Nutmeg Ins. Co. v. Employers Ins. of Wausau, 2006 WL 453235 (N.D. Tex. 2006) does not provide persuasive authority regarding resolution of the motions currently pending before this Court.

> GREAT NORTHERN INSURANCE
> COMPANY AND FEDERAL INSURANCE
> COMPANY
>
> By: *s/Daniel J. Cunningham*
> _____
> One of Their Attorneys

Daniel J. Cunningham
Kathy Karaboyas Malamis
TRESSLER, SODERSTROM, MALONEY & PRIESS
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois  60606-6399
(312) 627-4000

DJC/mmt/378793                                                             2246-42-75-681

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEW CENTURY MORTGAGE CORP., | ) ) ) | Case No.: 05 C 2370 |
| | ) | Judge: Coar |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| GREAT NORTHERN INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 13, 2006, I electronically filed Defendants, Great Northern Insurance Company's and Federal Insurance Company's Response to Plaintiff's Motion to File Supplemental Authority with the Clerk of the Court using CM/ECF System which will send notification of such filing(s) to the following:

| | |
|---|---|
| Bart T. Murphy<br>Wildman, Harrold, Allen & Dixon<br>2300 Cabot Drive – Suite 455<br>Lisle, IL  60532 | David A. Gauntlett<br>Eric R. Little<br>Gauntlett & Associates<br>18400 Von Karman – Suite 300<br>Irvine, CA  92612 |

                                             GREAT NORTHERN INSURANCE COMPANY

                                             By: /s/ *Daniel J. Cunningham*
                                                                 One of Its Attorneys

Daniel J. Cunningham
Kathy Karaboyas Malamis
TRESSLER, SODERSTROM, MALONEY & PRIESS
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois  60606-6399
(312) 627-4000