DJC/mmt/387205                                                                                                                                                                 2246-42-75-681

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NEW CENTURY MORTGAGE CORP., | ) ) ) |
| Plaintiff, | ) ) Case No.: 05 C 2370 ) ) Judge Coar |
| v. | ) ) |
| GREAT NORTHERN INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) ) |

**GREAT NORTHERN INSURANCE COMPANY'S AND FEDERAL INSURANCE COMPANY'S MOTION FOR RECONSIDERATION**

NOW COME the Defendants, GREAT NORTHERN INSURANCE COMPANY and FEDERAL INSURANCE COMPANY (collectively "Defendants") by and through their attorneys, TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP, and respectfully request that this Court reconsider the denial of their Motion for Summary Judgment because the Court apparently did not apprehend that the question of fact it identified regarding the Prior Act Exclusion was mooted by the Court's determination that the underlying *Bernstein* claim does not involve "advertising injury." In support of this Motion, Defendants state as follows:

1. In its July 25, 2006 Memorandum Opinion and Order, this Court agreed with Defendants that the underlying *Bernstein* action does not involve "advertising injury." Mem. Op. at 11-12. The Court also found that *Bernstein* does not involve covered "property damage." Mem. Op. at 14. In tandem, these two conclusions should have entitled Defendants to summary judgment because, in the absence of "advertising injury" or "property damage," Defendants cannot owe a duty to indemnify NCMC for its $1.95 million settlement.

2. However, rather than grant summary judgment to the Defendants, in its Memorandum Opinion and Order, the Court went on to consider an *alternative* argument also advanced by

Defendants—that the Prior Acts Exclusion would bar coverage in the unlikely event that *Bernstein* did involve "advertising injury." With regard to this issue, the Court found a question of fact as to the timing of the fax transmissions at issue and, therefore, denied Defendants' Motion for Summary Judgment in its entirety. Mem. Op. at 13. In so holding, the Court apparently did not apprehend that the alternative argument regarding the applicability of the Prior Acts Exclusion became ***moot or irrelevant*** once the Court found that *Bernstein* did not involve "advertising injury."

    3.    The prior publication exclusion provides:

> This insurance does not apply to **advertising injury** or **personal injury** arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

Defendants' Memorandum of Law In Support of Motion for Summary Judgment at 14. By its terms, the exclusion limits the scope of coverage available for claims involving "advertising injury." Once the Court found that *Bernstein* did not involve "advertising injury," all exclusions potentially applicable to "advertising injury," including the prior publication exclusion, became moot or irrelevant. Put another way, as the *Bernstein* settlement does not fall within the scope of the "advertising injury" coverage afforded by the policy, Defendants do not need to rely upon an exclusion to prevail because there is nothing left to exclude. As such, the question of fact identified by the Court pertains to a moot issue, and Defendants were entitled to summary judgment in their favor.

    4.    To require the parties to proceed to trial to determine the dates of transmission of the faxes at issue would be pointless. Even if the trier of fact ultimately were to conclude that no faxes were sent prior to the policy period, Defendants still would not owe coverage because the Court has now found that the claim does not involve "advertising injury" or "property damage." Quite simply, as there was no "advertising injury" or "property damage," the timing of the faxes is immaterial.

    5.    Motions for reconsideration are appropriate when the law or facts have changed or when the Court has patently misunderstood a party or has made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191 (7th Cir. 1990). By this motion, Defendants do not seek to challenge the Court's reasoning, and, in fact, agree that *Bernstein* did not

involve "advertising injury" or "property damage." Rather, Defendants suggest that, upon determining as a matter of law that *Bernstein* did not involve "advertising injury," the Court misapprehended the relevance of the Prior Act Exclusion. As that exclusion became moot once the Court resolved the "advertising injury" issue in Defendants' favor, the question of fact identified by the Court pertaining to that exclusion should not have prevented summary judgment in Defendants' favor. Thus, just as the insurer in *American States v. Capital Associates of Jackson County, Inc.*, 392 F.3d 939 (7th Cir. 2005) was entitled to summary judgment, so too are the insurers here entitled to summary judgment.

6. For the reasons stated above, Defendants respectfully request that this Court reconsider the denial of their Motion for Summary Judgment in the Court's July 25, 2006 Memorandum Opinion and Order.

GREAT NORTHERN INSURANCE
COMPANY AND FEDERAL INSURANCE
COMPANY

By: *s/Daniel J. Cunningham*
_____
One of Their Attorneys

Daniel J. Cunningham
Kathy Karaboyas Malamis
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000