IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEW CENTURY MORTGAGE CORP., | ) |
| Plaintiff, | ) |
| | ) No. 05 C 2370 |
| vs. | ) |
| | ) Judge Coar |
| GREAT NORTHERN INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

NOW COMES the Plaintiff, NEW CENTURY MORTGAGE CORPORATION, ("NCMC") by and through its attorneys, and hereby requests this Court to deny Defendants' Motion for Reconsideration of the Court's order of July 25, 2006 denying Defendants' motion for summary judgment.

**I.     ARGUMENT**

**A.     Standard for Reconsideration**

The appropriate standard for reconsideration in the Northern District of Illinois is articulated in *Hamilton v. O'Connor Chevrolet, Inc.*, No. 02 C 1897, 2005 WL 1189589 *3 (N.D. Ill., 2005):

> [A] reconsideration of a motion is appropriate where: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court.

1698806-1                                                                 1

These grounds represent extraordinary circumstances, and a motion to reconsider is to be granted only in such extraordinary circumstances. *United States S.E.C. v. Nat'l Presto Indus., Inc.* NO. 02-5027, 2004 WL 1093390 *2 (N.D. Ill. April 28, 2004).

Defendants apparently believe that they are entitled to reconsideration under item number three (3) and that "the Court misapprehended the relevance of the Prior Act Exclusion." (Motion, p. 3.) Not only is Defendants' argument erroneous, Defendants have failed to establish the "extraordinary circumstances" required for reconsideration.

### B.  Reconsideration is Inappropriate Because the Court Found "NCMC has Demonstrated that the *Bernstein* Claim is Covered by the Policy"

Defendants fail to make any mention of this Court's finding, at page 12 of its Opinion, that "NCMC has demonstrated that the *Bernstein* claim is covered by the policy." Only by ignoring this Court's express finding that "the *Bernstein* claim is covered by the policy" can Defendants wrongly argue that "the court has made an error not of reasoning but of apprehension."

As a result of the Court's finding of coverage, the Court properly continued its analysis to address the insurance policy exclusions raised by Defendants:

> Once an insured establishes a *prima facie* case, the burden then shifts to the insurer to show that the loss resulted from a peril expressly excluded from coverage.

*Johnson Press of America, Inc. v. Northern Insurance Co. of New York*, 339 Ill. App. 3d 864, 871 (1st Dist. 2003).

Once the Court found that "the *Bernstein* claim is covered by the policy," New Century established its *prima facie* case. *Id.* At that point, the burden shifted to Defendants to establish that the *Bernstein* claim solely resulted from conduct expressly excluded by the insurance policy.

While Defendants may disagree with the Court's **reasoning** in finding "NCMC has demonstrated that the *Bernstein* Claim is covered by the policy," disagreement with the Court's reasoning is not a legitimate basis for reconsideration:

> Motions to reconsider are not at the disposal of parties who want to "rehash" the same arguments that were originally presented to the court.

*United States S.E.C. v. Nat'l. Presto Indus., Inc.* NO. 02-5027, 2004 WL 1093390 *2 (N.D. Ill. April 28, 2004).

Defendants' Motion for Reconsideration is merely an improper attempt to "rehash" the same arguments presented to the Court in previous briefing. *Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc.* 605 F.Supp. 6, 7 (D.C.Ill.,1983). Accordingly, Defendants' Motion for Reconsideration should be denied.

### C. Reconsideration is Inappropriate Prior to the Illinois Supreme Court's Decision in *Swiderski*

The meaning of Defendants' "advertising injury" coverage and possibly even Defendants' "property damage" coverage under Illinois law will be determined shortly by the Illinois Supreme Court. After the Seventh Circuit's decision in *American States Ins. Co. v. Capital Assocs. Of Jackson County, Inc.*, 392 F. 3d 939 (7th Cir., 2004) an Illinois Court of Appeal rendered its decision in *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 834 N.E. 2d 562 (1st Dist. App. Ct. 2005).

The *Swiderski* decision concluded that "junk faxes" in purported violation of the TCPA[1] implicated "advertising injury" coverage such as that provided by Defendants to NCMC for the *Bernstein* Action, rejecting the Seventh Circuit's analysis of Illinois law in *American States*. *Swiderski* at 878-899. On January 25, 2006, after the close of briefing on the parties' summary

judgment motions, the Illinois Supreme Court granted review, 217 Ill.2d 626, 844 N.E.2d 972, 300 Ill.Dec. 529 (Ill. Jan 25, 2006) (TABLE, NO. 101261), and briefing was completed in May 2006. Oral argument and a decision are expected in the fall of 2006.

Arguments can be made that the Illinois Supreme Court's grant of review of the Illinois Court of Appeal's decision in *Swiderski* signals that the Illinois Supreme Court favors the Illinois Court of Appeal's decision and will affirm that decision, thereby establishing that the Seventh Circuit's decision in *American States* is an inaccurate prediction of Illinois law. Or, the grant of review could signal the Illinois Supreme Court's disagreement with the Illinois Court of Appeal's decision in *Swiderski* and that the Illinois Supreme Court intends to adopt *American States*.

Whichever outcome, the Illinois Supreme Court's decision in *Swiderski* will undoubtedly resolve a central issue in this litigation: whether Defendants' policies provide coverage for alleged transmission of "junk faxes" under the TCPA. Should this Court reconsider its opinion and grant Defendants' request for summary judgment in Defendants' favor, appeal to the Seventh Circuit will certainly follow on an issue of law that will ultimately be resolved by the Illinois Supreme Court.

Rather than the parties incurring further attorneys fees and costs associated with an appeal, NCMC respectfully requests that this Court hold this matter in abeyance pending the Illinois Supreme Court's decision this fall. Holding the matter in abeyance will also serve judicial economy pending the Illinois Supreme Court's resolution of the central issue of law in this case.

---

[1] Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 *et seq.*

1698806-1

4

II. **CONCLUSION**

NCMC respectfully requests that this Court deny Defendants' Motion for Reconsideration or, in the alternative, hold this matter in abeyance pending the Illinois Supreme Court's decision in *Swiderski*.

Dated:  August 22, 2006                    **NEW CENTURY MORTGAGE CORPORATION**


By:    /s/ Eric R. Little
       One of Its Attorneys


David A. Gauntlett                Bart T. Murphy, Esq. # 6181178
Eric R. Little                    WILDMAN, HARROLD, ALLEN
GAUNTLETT & ASSOCIATES              & DIXON LLP
18400 Von Karman, Suite 300       2300 Cabot Drive, Suite 455
Irvine, CA 92612                  Lisle, IL 60532-3639
Tel:    (949) 553-1010            Tel:    (630) 955-0555
Fax:    (949) 553-2050            Fax:    (630) 955-0662

1698806-1                               5

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that on the 22nd day of August 2006 he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

| | |
|---|---|
| Daniel J. Cunningham | dcunningham@tsmp.com |
| Kathy K Karaboyas | kmalamis@tsmp.com |

/s/ Bart T. Murphy
Bart T. Murphy # 6181178
WILDMAN HARROLD ALLEN & DIXON LLP
2300 Cabot Dr., Suite 455
Lisle, IL 60532
(630) 955-6392