DJC/mmt/389186                                                                                          2246-42-75-681

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NEW CENTURY MORTGAGE CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREAT NORTHERN INSURANCE )<br>COMPANY, FEDERAL )<br>INSURANCE COMPANY, )<br>)<br>Defendants. ) | Case No.: 05 C 2370<br><br>Judge Coar |

### GREAT NORTHERN INSURANCE COMPANY'S AND FEDERAL INSURANCE COMPANY'S REPLY IN FURTHER SUPPORT FOR THEIR MOTION FOR RECONSIDERATION

NOW COME the Defendants, GREAT NORTHERN INSURANCE COMPANY and FEDERAL INSURANCE COMPANY (collectively "Defendants") by and through their attorneys, and state in further support for their Motion for Reconsideration as follows:

**I.    ARGUMENT**

    **A.    NCMC Mischaracterizes the Court's July 25, 2006 Memorandum Opinion and Order.**

After concluding that the *Bernstein* settlement does not involve covered "advertising injury," the Court went on to consider "whether the claim arose during the policy effective period." With regard to this issue (which was actually made moot by the Court's ruling regarding "advertising injury"), the Court stated, "[t]his Court finds that NCMC has demonstrated that the *Bernstein* claim is covered by the policy." Mem. Op. at 12. In its Response to Defendants' Motion for Reconsideration, NCMC ignores the context within which

this sentence was written and argues that it amounts to a finding of coverage in its favor. NCMC Resp. Brief at 2-3. However, when read in context, it is clear that when the Court stated that the "the Bernstein claim is covered by the policy" it meant simply that the *Bernstein* claim fell within the policies' effective period, not that the claim fell within the substantive coverage afforded by the policies. The Court need only review the very next paragraph in its opinion to confirm that the sentence in question was limited to the issue of whether the *Bernstein* claim falls *in the policy period*:

> But the Court cannot stop there. The defendants argue that even if the Bernstein claim falls in the policy period, it is still excluded from coverage because NCMC first transmitted the advertisement *before* the policy period.

Mem. Op. at 12. Thus, contrary to NCMC's suggestion, the sentence in question clearly did not mean that the Court found that Defendants owed coverage for the *Bernstein* settlement and instead was limited simply to discussion of the timing of the facts giving rise to the claim. Given that the bulk of the Court's opinion is dedicated to a detailed explanation of why the claim is not covered, NCMC's attempt to mischaracterize a single sentence in the Memorandum Opinion should be rejected.

**B.     As the Duty to Defend Is Not At Issue In This Case, There is No Reason to Await Resolution of *Valley Forge* by the Supreme Court of Illinois.**

Recognizing that the substance of the Court's decision mandates summary judgment in Defendants' favor, NCMC next argues that the Court should simply defer ruling on the Motion for Reconsideration because the *Valley Forge* case has been appealed to the Supreme Court of Illinois. However, this court has already rejected *Valley Forge*, correctly noting that that case involved the duty to defend, which is not at issue in the instant action. Mem. Op. 10. What's more, the *Valley Forge* appeal has been pending for many months. If NCMC truly felt the appeal would have a bearing on the instant action, it would have raised this issue long ago.

Given that both this Court and the Seventh Circuit have specifically found the policy language in question to be unambiguous, there is no reason to defer resolution of this dispute any longer.

C. **As the Court Rejected Both of NCMC's Claims for Relief, There Is Nothing Left For Trial.**

Finally, the only two claims for relief asserted by NCMC, both based on the breach of the so-called duty to settle, were explicitly rejected by the Court. Mem. Op. at 6-7. NCMC has asserted no other claims for relief and, most notably, has NOT asserted a claim for relief based on breach of the duty to indemnify. Thus, none of NCMC's claims for relief remain viable, and there are no remaining legal or factual issues. Consequently, Defendants' Motion for Reconsideration should be granted, and summary judgment in Defendants' favor is warranted.

GREAT NORTHERN INSURANCE
COMPANY AND FEDERAL
INSURANCE COMPANY

By: *s/Daniel J. Cunningham*
_____
One of Their Attorneys

Daniel J. Cunningham
Kathy Karaboyas Malamis
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois   60606-6399
(312) 627-4000