IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEW CENTURY MORTGAGE CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GREAT NORTHERN INSURANCE ) <br> COMPANY, FEDERAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> ) | No. 05 C 2370 <br><br> Judge Coar |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING THE
ILLINOIS SUPREME COURT'S DECISION IN *VALLEY FORGE v. SWIDERSKI***

NOW COMES the Plaintiff, NEW CENTURY MORTGAGE CORPORATION, ("New Century") by and through its attorneys, and hereby requests this Court to stay proceedings in this action pending the decision of the Illinois Supreme Court in *Valley Forge Insurance Company, et al. v. Swiderski Electronics, Inc.,* Docket No. 101261. In support of this motion, New Century states as follows:

### INTRODUCTION

This action is a declaratory judgment action brought by New Century against its commercial general liability ("CGL") insurers, Great Northern and Federal Insurance Company. New Century seeks a declaration that its insurers are obligated to indemnify it for a settlement it entered into to resolve a class action filed against it under the Telephone Consumer Protection Act alleging it transmitted unsolicited facsimile ads. New Century asserts that the defendant insurers are obligated to indemnify it for the amount it paid to settle this action. The defendant insurers deny they are obligated to indemnify New Century.

The parties filed cross motions for summary judgment which the Court denied on July 25, 2006. The defendant insurers filed a motion for reconsideration as to the Court's order denying their motion for summary judgment which is pending before the Court. New Century now seeks a stay of all proceedings in this case in light of an impending decision of the Illinois Supreme Court which will provide guidance to this Court as to the proper interpretation of the scope of the insurance coverage clause at issue in this case.

## ARGUMENT

**1. THE IL SUPREME COURT'S DECISION IN *SWIDERSKI* WILL OBVIATE THE NEED TO PREDICT WHAT THE IL SUPREME COURT WILL DO AND ALLOW THIS COURT TO MAKE AN INFORMED DECISION CONSISTENT WITH THE IL SUPREME COURT'S HOLDING.**

It is axiomatic that a federal court sitting in diversity over an insurance coverage action looks to the law of the highest court of the forum state. Here the Court must look to the Illinois Supreme Court. *Allstate, Ins. V. Menard's, Inc.*, 285 F.3d 630, 635 (7th Cir. 2002). As the Court recognized in its decision on the parties' cross motions for summary judgment, as of this date, the Illinois Supreme Court has not ruled on the issue of the meaning of whether the advertising injury coverage clause of a CGL policy provides coverage for a claim under the TCPA for transmission of unsolicited facsimile ads.

The Court noted in its decision on summary judgment, that it is the duty of the Court to predict how the Illinois Supreme Court would rule on this issue and then to issue a decision in accordance with this predictive judgment. *Id.* (citations omitted). As shall be noted below, the Illinois Supreme Court has set a case for argument on September 19, 2006, in which the issue presented in this action will be decided by the Court.

To date, there have been conflicting decisions issued regarding the obligations of insurers under commercial general liability policies to cover claims for allegations of transmission of unsolicited facsimile ads in violation of the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. §227. The Seventh Circuit held that there is no duty on the part of an insurer to either defend or indemnify an insured under the advertising injury clause of a CGL policy for TCPA junk fax claims. *American States Ins. Co. v. Capital Assocs. Of Jackson County, Inc.*, 392 F. 3d 939 (7th Cir., 2004). Subsequent to the *American States* decision, the Illinois Appellate Court held that an insurer has a duty to defend its insured under a CGL policy for a TCPA junk fax claim. *Valley Forge Ins. Co. v. Swiderski Electronics., Inc.*, 834 N.E. 2d 562 (1st Dist. App. Ct. 2005).

The Illinois Supreme Court recently granted the insurer's petition for leave to appeal in the *Swiderski* case and has set argument on this case for September 19, 2006[1]. A copy of the Court's docket order setting the case for argument is attached as Exhibit A. Therefore we can reasonably anticipate that the Illinois Supreme Court will render its decision in the *Swiderski* case in the near future. By staying proceedings in this action for a short period until the Illinois Supreme Court issues its decision, the Court will be able to dispose of the case in an informed manner as opposed to making a decision based upon prognostic abilities.

Neither party would be prejudiced by a short stay of proceedings to wait for the Illinois Supreme Court's decision in *Swiderski*. Further the interests of judicial economy would be advanced as by waiting for the Illinois Supreme Court's decision, the Court can avoid an

---

[1] New Century delayed making this request until the Illinois Supreme Court set the case for argument so as to provide this Court with some degree of certainty as to when the IL Supreme Court's decision would be issued.

inconsistent decision, and eliminate the potential need for an appeal with the possibility of a remand.

### 2. WHILE THE SWIDERSKI CASE PRESENTS THE QUESTION AS TO THE INSURER'S OBLIGATION TO DEFEND, BY NECESSITY A DECISION FINDING A DUTY TO DEFEND ALSO RECOGNIZES THAT A DUTY TO INDEMNIFY EXISTS UNDER SOME FACTUAL SETTING

Defendants have asserted in their memorandums filed with the Court that the Court need not and should not await the decision of the Illinois Supreme Court in *Swiderski* as that case only involves the question of the insurer's obligation to defend. While such an argument has surface appeal, it ignores the fact that a decision on the duty to defend also by necessity makes a determination as to the duty to indemnify where settlement is made for TCPA claims, as here.

Since the duty to defend is determined by deciding whether the insured may be found liable for a claim covered or potentially covered under the policy, a finding by the Illinois Supreme Court that allegations of TCPA violations trigger a defense duty would confirm that liability for TCPA violations would be covered because the TCPA allegations, if proven, would be covered under the policy. *U.S. Fidelity & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73, 578 N.E.2d 926, 930 (1991)("If the underlying complaints allege facts within or potentially within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent.").

Further should the Illinois Supreme Court find there is no duty to defend, this would obviously indicate that there cannot be a duty to indemnify and would dictate the decision of the Court in this case because the duty to defend is broader than the duty to indemnify. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 125, 607 N.E. 2d 1204, 1220 (1992).

While New Century does not believe that this is the decision which the Illinois Supreme Court will reach, it provides yet another reason for waiting for the decision in *Swiderski*.

## CONCLUSION

The Illinois Supreme Court's decision in *Swiderski* will be issued shortly. This decision will provide the Court with guidance as to how to interpret the insurance policy at issue in this case. The slight potential delay occasioned by waiting for the Illinois Supreme Court's decision is far outweighed by the certainty which the decision will provide as to the correct interpretation of the insurance policy at issue. New Century requests the Court to stay all proceedings in this action pending the decision of the Illinois Supreme Court in *Swiderski*.

Dated:   September 6, 2006

Respectfully submitted,

NEW CENTURY MORTGAGE CORPORATION

By:   /s/ Bart T. Murphy
      One of Its Attorneys

David A. Gauntlett
Eric R. Little
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, CA  92612
Tel:     (949) 553-1010
Fax:    (949) 553-2050

Bart T. Murphy, Esq. # 6181178
WILDMAN, HARROLD, ALLEN
 & DIXON LLP
2300 Cabot Drive, Suite 455
Lisle, IL  60532-3639
Tel:    (630) 955-0555
Fax:   (630) 955-0662

1703011-2                            5

```
                                                        08/22/06

                        CALL OF THE DOCKET

                       SEPTEMBER TERM 2006

                     SUPREME COURT OF ILLINOIS

                            Springfield
```

Court will convene daily at the time indicated by each Call Day. The registration time for oral argument is noted beneath the call date.

Please register for oral argument in the office of the Clerk of the Supreme Court, First Floor, Supreme Court Building.

Prior to oral argument, the members of the Court will have reviewed the facts in the case and will know what the issues are. It is therefore suggested that counsel can use their time for oral argument most profitably by concentrating on the issues being urged.

                              * * *

                        Juleann Hornyak
                            Clerk
                         217/782-2035

       ---------------------------------------

        Call Tuesday, September 12, 2006 - 9:30 A.M.
        Registration time for first four oral cases
            No later than 9:15 A.M.
        Registration time for remaining oral case(s)
            No later than 10:30 A.M.

No.  98942  - People State of Illinois, appellee, v. Ricardo
     Oral     Harris, appellant. Appeal, Circuit Court (Cook).

No.  98996  - People State of Illinois, appellee, v. Andrew
     Oral     Urdiales, appellant. Appeal, Circuit Court
              (Livingston).

No. 101016  - People State of Illinois, appellee, v. Brian Ray
     Oral     Bywater, appellant. Appeal, Appellate Court,
              Second District.

No. 101064  - People State of Illinois, appellee, v. Ronald
     Oral     Parker, appellant. Appeal, Appellate Court, First
              District.

No. 101263  - People State of Illinois, appellant, v. Sherman
     Oral     Campbell, appellee. Appeal, Appellate Court,
              Third District.

       ---------------------------------------

EXHIBIT A

       Call Wednesday, September 13, 2006 - 9:30 A.M.
       Registration time for first four oral cases
        No later than 9:15 A.M.
       Registration time for remaining oral case(s)
        No later than 10:30 A.M.

No. 101385 - In the Interest of Rodney H., a Minor (People
 Oral  State of Illinois et al., appellants, v. Rodney
     H., a Minor, appellee). Appeal, Circuit Court
     (Cook).

No. 101477 - People State of Illinois, appellee, v. Jake
 Oral  Vincent, appellant. Appeal, Appellate Court,
     First District.

No. 101546 - People State of Illinois, appellant, v. Ronnie E.
 Oral  Cordell, appellee. Appeal, Appellate Court, Third
     District.

No. 101602 - In re Jaime P., a Minor (People State of Illinois,
 Oral  appellee, v. Jaime P., appellant). Appeal,
     Appellate Court, Second District.

No. 101612 - People State of Illinois, appellant, v. Michael L.
 Oral  Perry, appellee. Appeal, Appellate Court, Second
     District.

       ------------------------------------

       Call Thursday, September 14, 2006 - 9:00 A.M.
       Registration time - No later than 8:45 A.M.

No. 101747 - People State of Illinois, appellee, v. Ronel
 Oral  Alexis Lewis, appellant. Appeal, Appellate Court,
     Fourth District.

No. 102036 - Virginia Surety Company, Inc., appellant, v.
 Oral  Northern Insurance Company of New York et al.,
     appellees. Appeal, Appellate Court, Third
     District.

       ------------------------------------

         Call Tuesday, September 19, 2006 - 9:30 A.M.
         Registration time for first four oral cases
            No later than 9:15 A.M.
         Registration time for remaining oral case(s)
            No later than 10:30 A.M.

No. 101996 - People State of Illinois, appellant, v. Michael
   Oral    (aka Henry) Jones, appellee. Appeal, Appellate
         Court, First District.

No. 101089 - Susan Calles, etc., et al., appellees, v.
   Oral    Scripto-Tokai Corporation, etc., et al.,
         appellants. Appeal, Appellate Court, First
         District.

No. 101251 - Jyoti Mohanty, M.D., et al., appellants, v. St.
   Oral    John Heart Clinic, S.C., et al., appellees.
         Appeal, Appellate Court, First District.

No. 101261 - Valley Forge Insurance Company et al., appellants,
   Oral    v. Swiderski Electronics, Inc., et al., etc.
         appellees. Appeal, Appellate Court, Second
         District.

Nos. 101450 - The Board of Trustees of the University of
    101508    Illinois, appellee, v. The Illinois Labor
    101542    Relations Board, State Panel, et al., appellants.
    101558    Appeal, Appellate Court, Fourth District.
    cons.
    Oral

-----------------------------------

         Call Wednesday, September 20, 2006 - 9:30 A.M.
         Registration time for first four oral cases
            No later than 9:15 A.M.
         Registration time for remaining oral case(s)
            No later than 10:30 A.M.

Nos. 101585 - General Motors Corporation et al., appellants, v.
    101601    State of Illinois Motor Vehicle Review Board et
    cons.     al., etc., appellees. Appeal, Appellate Court,
    Oral      Fourth District.

No. 101697 - J.S.A., et al., appellants, v. M.H. et al.,
   Oral    appellees. Appeal, Appellate Court, Third
         District.

No. 101718 - Richard G. Krautsack, appellee, v. David Anderson
   Oral    et al., appellants. Appeal, Appellate Court,
         First District.

No. 101844 - Nicor, Inc., etc., et al., appellants, v.
   Oral    Associated Electric and Gas Insurance Services
         Limited et al. (Certain Underwriters at Lloyd's of
         London et al., appellees). Appeal, Appellate
         Court, First District.

No. 102060 - Marvin Smith et al., etc., appellees, v. Illinois
   Oral    Central Railroad Company, etc., appellant. Appeal,
         Appellate Court, Fifth District.

```
                    Call Thursday, September 21, 2006 - 9:00 A.M.
                    Registration time - No later than 8:45 A.M.

No. 102093 - 1350 Lake Shore Associates, etc., appellant, v.
    Oral     Lori T. Healy, etc., et al., appellees.  Appeal,
             Appellate Court, First District.

No. 102489 - Hon. George Bridges, Judge of the Circuit Court of
    Oral     Lake County, et al., etc., appellees, v. State
             Board of Elections et al., etc., appellants.
             Appeal, Circuit Courts (Lake and McHenry).
```

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that on the 7th day of September 2006 he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

| | |
|---|---|
| Daniel J. Cunningham | dcunningham@tsmp.com |
| Kathy K Karaboyas | kmalamis@tsmp.com |

/s/ Bart T. Murphy
Bart T. Murphy # 6181178
WILDMAN HARROLD ALLEN & DIXON LLP
2300 Cabot Dr., Suite 455
Lisle, IL 60532
(630) 955-6392