RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

RUSSELL C. SILBERGLIED
DIRECTOR

DIRECT DIAL NUMBER
302-651-7545
SILBERGLIED@RLF.COM

March 20, 2008

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 2124, Lockbox 19
Wilmington, Delaware 19801

    Re:    **New Century Mortgage Corp. v. Great Northern Ins. Co., C. A. No. 07-640 GMS**

Dear Chief Judge Sleet:

    As bankruptcy counsel to the Plaintiff, I write in connection with the Court's March 19, 2008 Order (the "Order") administratively closing this case due to the automatic stay of 11 U.S.C. § 362(a). For the reasons set forth below, Plaintiff respectfully requests that this case be re-opened and, to the extent necessary, that the Court consider this to be a motion for reconsideration of the Order.

    My partner Mr. Shandler and I apologize to the Court for the lack of clarity in our prior letter to the Court following the transfer of this matter from the United States District Court for the Northern District of Illinois (D.I. 90). What might not have been apparent from that letter was that the Debtor is the Plaintiff in this case, not the Defendant, and is seeking an affirmative recovery from the insurance company defendant for failure to defend and/or indemnify. The automatic stay of § 362(a) does not stay this case because it only "operates as a stay…of…(1) the commencement or continuation…of a judicial…action or proceeding against the Debtor…". Thus, it only applies where the debtor is the defendant, not where it is the Plaintiff. See, e.g., Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982) ("Section 362 by its terms only stays proceedings against the debtor. The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate.")

RLF1-3264752-1

The Honorable Gregory M. Sleet
March 20, 2008
Page 2

      Additionally, because the Debtors are moving towards attempting to confirm a plan of liquidation (Judge Carey entered an order approving the Debtors' disclosure statement on Tuesday), the Debtors seeks to liquidate the proceeds, if any, from this litigation for the benefit of their creditors as soon as possible. To that end, we respectfully request that the Court schedule a Rule 16 conference at its earliest convenience and assign this case to mediation before one of the Magistrate Judges.

Respectfully submitted,

*[signature]*

Russell C. Silberglied (#3462)

RCS/lam
cc:    Clerk of the Court (by electronic filing)
        Chad Shandler, Esq.
        Stephen Casarino, Esq,

RLF1-3264752-1